**AEROTEL, LTD., and Aerotel USA, Inc., Plaintiffs,**

v.

**SPRINT CORPORATION, Sprint Communications Company L.P., Sprint Spectrum L.P., and Tandy Corporation, Defendants.**

No. 99 Civ. 11091(SAS).

United States District Court, S.D. New York.

April 13, 2000.

---

Glenn F. Ostrager, Dennis M. Flaherty, Joshua S. Broitman, Ostrager Chong Flaherty & Onofrio, P.C., New York City, for Plaintiffs.

Raphael V. Lupo, Brian E. Ferguson, John R. Fuisz, McDermott, Will & Emery, Washington, DC, for Defendants.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

### I. Introduction

Aerotel, Ltd. is a corporation organized under the laws of Israel with its principal place of business in Israel. *See* Amended Complaint ("Am.Cmpl."), attached as Exhibit G to the Declaration of John Fuisz, defendants' attorney, in Support of Defendant Sprint Corporation's Motion to Dismiss and/or Transfer and for a Protective Order Staying Discovery ("Fuisz Decl."), ¶ 3. Aerotel, Ltd. is the assignee of U.S. Patent No. 4,706,275 (the "'275 Patent") which protects an invention for making prepaid telephone calls. *Id.* ¶ 9. Aerotel U.S.A., Inc. is a wholly owned subsidiary of Aerotel, Ltd. and is its exclusive U.S. licensing representative. *Id.* ¶ 4. Sprint Corporation is a corporation organized under the laws of Kansas with its principal place of business in Kansas. *Id.* ¶ 5. Sprint Communications Company L.P. ("Sprint Communications") and Sprint Spectrum L.P. ("Sprint Spectrum") are limited partnerships wholly owned by Sprint Corporation. *Id.* ¶¶ 6–7, 14. Tandy Corporation is a Delaware corporation which has a place of business in New York. *Id.* ¶ 8.

Aerotel, Ltd. and Aerotel, U.S.A., Inc. (collectively "Aerotel") sued defendant Sprint Corporation in the Southern District of New York for its alleged infringement of the '275 Patent by filing a Complaint on November 5, 1999. *See* Original Complaint ("Cmpl."), attached as Exhibit A to the Fuisz Declaration. Aerotel mailed the Original Complaint to Office of the President, Sprint Corporation, 380 Madison Avenue, New York, New York 10022. According to Sprint Corporation, it does not own or lease any property at that address. *See* Declaration of Michael Hyde, Assistant Secretary of Sprint Corporation, in Support of Defendant Sprint Corporation's Motion to Dismiss and/or Transfer Plaintiff Aerotel's Complaint for Lack of Personal Jurisdiction ("Hyde Decl."), sworn to on December 8, 1999, ¶ 5. On December 8, 1999, Sprint Corporation filed a declaratory judgment action against Aerotel, Ltd. in the United States District Court for the District of Kansas. *See* Fuisz Decl. Ex. C. Aerotel, Ltd. was served with the declaratory judgment complaint on December 10, 1999. Plaintiffs then filed and served an Amended Com-

plaint on December 15, 1999 naming Sprint Corporation as well as Sprint Communications, Sprint Spectrum and Tandy Corporation as defendants. *See* Am. Cmpl. ¶¶ 5–8.

Defendant Sprint Corporation now moves, *inter alia,* under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) for dismissal of the complaint for lack of personal jurisdiction and for improper venue. Sprint Corporation alternatively moves under 28 U.S.C. § 1404(a) to have this action transferred to the District of Kansas where it will be joined with the declaratory judgment action, *Sprint Corporation, et al., v. Aerotel, Ltd.* 99 Civ. 2547(JWL).[1] Sprint Communications, Sprint Spectrum and Tandy Corporation join in Sprint Corporation's motion to dismiss and also move for a transfer of venue pursuant to 28 U.S.C. § 1404(a). For the following reasons, Sprint Corporation's motion to dismiss is denied and its motion to transfer venue is denied. The remaining motions to dismiss and transfer venue are denied.

## II. Discussion

### A. Personal Jurisdiction—Sprint Corporation

 The burden of proof to establish personal jurisdiction is on Aerotel, *see Kernan v. Kurz–Hastings, Inc.,* 175 F.3d 236, 240 (2d Cir.1999) (citation omitted), and the required standard of proof is by a preponderance of the evidence. *See First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 771 (2d Cir.1994). Although in patent cases the court applies the uniform body of Federal Circuit law, *see Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1564–65 (Fed.Cir. 1994), the court will apply the relevant state long-arm statute when determining whether it has personal jurisdiction over a defendant. *See Graphic Controls Corp. v. Utah Med. Prods., Inc.,* 149 F.3d 1382,

1386 n. 2 (Fed.Cir.1998). Accordingly, New York law will determine whether this Court has jurisdiction over Sprint Corporation. As explained by the Federal Circuit:

Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits the assertion of jurisdiction and whether assertion of personal jurisdiction violates federal due process. With regard to the federal constitutional due process analysis of the defendant's contacts with the forum state in patent cases, we do not defer to the interpretations of other federal and state courts. However, in interpreting the meaning of state long-arm statutes, we elect to defer to the interpretations of the relevant state and federal courts, including their determinations regarding whether or not such statutes are intended to reach to the limit of federal due process.

*Graphic Controls,* 149 F.3d at 1385 (citations and footnote omitted).

"Under New York law there are two ways in which a court may exercise personal jurisdiction over a non-domiciliary corporation: (1) If the corporation 'does business' in New York, jurisdiction may be exercised pursuant to N.Y. CPLR § 301.(2) Even if the corporation does not 'do business' in New York, jurisdiction may be exercised if the corporation falls under New York's long-arm statute (N.Y. CPLR § 302)." *King v. Best Western Country Inn,* 138 F.R.D. 39, 41 (S.D.N.Y. 1991). Under the "doing business test", a foreign corporation is amenable to suit in New York if it is "'engaged in such a continuous and systematic course of "doing business" here as to warrant a finding of its "presence" in this jurisdiction.'" *Frummer v. Hilton Hotels Int'l, Inc.,* 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 227

---

**1.** On January 13, 2000, an amended complaint was filed in the declaratory judgment action adding Sprint Communications and Sprint Spectrum as plaintiffs. *See* Reply

Memorandum in Further Support of Sprint Corporation's Motion to Dismiss and/or Transfer at 8.

N.E.2d 851 (1967) (quoting *Simonson v. International Bank*, 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 200 N.E.2d 427 (1964)). Alternatively, although a corporation may not be doing business so as to subject it to general jurisdiction, it may be subject to specific jurisdiction. Section 302(a)(1) provides for jurisdiction where the defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state" and the cause of action arises from such acts. N.Y. CPLR § 302(a)(1) (McKinney 1990).

> For a court to assert jurisdiction over a defendant under section 302(a)(1), the plaintiff must meet the following two prong test: (1) the defendant's business activities in New York must be activities by which the defendant projects itself into New York in such a way as to purposefully avail itself of the benefits and protections of New York laws and (2) the plaintiff's cause of action must arise out of that business activity within the state.

*Graphic Controls*, 149 F.3d at 1386.

Sprint Corporation is a holding company that does not transact telecommunications services, including pre-paid calling services, in New York. *See* Hyde Decl. ¶¶ 3–4. Moreover, it does not have any employees authorized to act on its behalf in New York. *Id.* ¶ 5. Sprint Corporation is not licensed to do business in New York and has never purposefully availed itself of the privilege of doing business in New York. *Id.* ¶¶ 4–5.

In its Amended Complaint, Aerotel has alleged that "Sprint Communications and Sprint Spectrum are wholly owned by Sprint Corporation, and Sprint Corporation exercises control over Sprint Communications and Sprint Spectrum and their operations, *including the alleged infringing activities* of Sprint Communications and Sprint Spectrum." [2] Am. Cmpl. ¶ 14 (emphasis added). Aerotel advances its argument that Sprint Corporation is present in New York by reason of its management and control of Sprint Communications and Sprint Spectrum in a number of ways. First, Aerotel points to the common management Sprint Corporation shares with its subsidiaries. Aerotel cites the 1998 Form 10–K filed by Sprint Spectrum which discloses that at least four of its sixteen officers and board members are shared in common with Sprint Corporation.[3] *Compare* Sprint Corporation's 1999 Form 10–K, attached as Exhibit 1 to the Declaration of Joshua S. Broitman, plaintiffs' attorney, in Opposition to Sprint Corporation's Motion to Dismiss the Complaint or Transfer, sworn to January 13, 2000 ("Broitman Decl."), at 17/83 *with id.* at 16/307. Aerotel also cites the 1999 Form 10–K of Sprint Corporation in further support of a finding of common management. *See id.*, Ex. 1 at 16/307. Presumably, the two officers of Sprint Corporation holding the title "President—Long Distance Division" and "President—Sprint PCS" also overlap with the businesses of Sprint Communications and Sprint Spectrum. Aerotel also cites portions of the deposition testimony of Michael Hyde submitted in an unrelated case, *Berrios v. Sprint Corp. and Sprint Communications Co. L.P.*, 1997 WL 777945, 1997 U.S. Dist. LEXIS 19259 (E.D.N.Y.1997).[4] During that deposition,

---

**2.** The defendants do not dispute that Sprint Communications and Sprint Spectrum do business in New York. *See* Letter dated January 21, 2000 from John R. Fuisz to this Court at 1 (discussing Sprint Corporation's amenability to jurisdiction and its impact on venue as to all defendants).

**3.** Presumably, this Court "may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and

ready determination by resort to sources whose accuracy cannot reasonably be questioned.' " *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir.1991) (quoting Fed. R.Evid. 201(b)(2)).

**4.** Although cited by Aerotel, the deposition transcript of Mr. Hyde was not submitted as part of its opposition papers. However, Chambers contacted plaintiff's counsel in *Berrios* and obtained a copy of the transcript.

Mr. Hyde stated that ten to twelve of the senior executives of Sprint Corporation hold comparable positions at Sprint Communications. He also stated that Sprint Communications has no other senior executive management other than those ten to twelve people. As Mr. Hyde is the Assistant Secretary of Sprint Corporation, these statements are admissions of Sprint Corporation and may be considered pursuant to Federal Rule of Evidence 801(d)(2). Aerotel's evidence thus shows considerable overlap in the management of Sprint Corporation and Sprint Communications and, to a lesser extent, Sprint Spectrum.

Second, Aerotel alleges that Sprint Corporation exercises operational and financial control over its subsidiaries. In support of this statement, Aerotel cites Sprint Corporation's 1999 Form 10–K. *See* Broitman Decl., Ex. 1. That document states that the shareholders of Sprint Corporation approved the formation of the FON Group and FON stock and the PCS Group and PCS stock. *Id.* at 3/307. The value of the PCS stock is intended to reflect the performance of Sprint's domestic wireless personal communications services operations and the value of the FON stock is intended to reflect the performance of all of Sprint's other operations. *Id.* A discussion of conflicts of interest between FON and PCS ensues and an example is offered where the Sprint Board may "make operational and financial decisions with respect to one Group that could be considered to be detrimental to the other Group." *Id.* at 4/307. This discussion only tangentially supports the proposition that Sprint Corporation exercises operational and financial control over all of the entities engaged in its global communications business.

Finally, Aerotel notes that Sprint Corporation presents its telecommunications services along with those of its subsidiaries to the marketplace under the common trade name "Sprint" without regard to its complex corporate structure. Aerotel points to a 1998 Sprint web page which does, in fact, talk generically about Sprint as a collective entity. *See* Broitman Decl. Ex. 4 at 3 ("Sprint is a global communications company ... Sprint built and operates the United States' only nationwide all-digital, fiber optic network ... Sprint has \$15 billion in annual revenues."). These statements, intended to be read by the consuming public, cannot create a single entity structure given the sophistication and complexity of today's corporate world. In addition, the copyright at the bottom of the web page is in the name of Sprint Communications Company, L.P. providing further proof of the independence of that company from Sprint Corporation. Thus, only Aerotel's first argument—that Sprint Corporation is present in New York because of its overlapping management with Sprint Communications and Sprint Spectrum—is persuasive but needs to be more fully developed.

In patent cases, it is fundamental that "'the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception.'" *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed.Cir.1990) (quoting *Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir.1967)). "Courts are reluctant to disregard the separate existence of related corporations ... and have consistently given substantial weight to the 'presumption of separateness.'" *Kashfi v. Phibro–Salomon, Inc.*, 628 F.Supp. 727, 732 (S.D.N.Y. 1986). However, "where a corporate subsidiary is essentially a 'separately incorporated department or instrumentality' of a foreign corporation, the activities of the subsidiaries will be attributed to the foreign parent for purposes of determining the parent's amenability to personal jurisdiction in New York." [5] *Canterbury Belts Ltd. v. Lane Walker Rudkin, Ltd.*, 869

---

5. Although Sprint Communications and Sprint Spectrum are limited partnerships, the reasoning applied to the corporate parent/subsidiary relationship is equally applicable.

F.2d 34, 40 (2d Cir.1989) (citations omitted). As explained by the Second Circuit,

> In determining whether the subsidiary is a "mere department" of the parent—the other New York jurisdictional basis—the court must consider four factors, which in Beech Aircraft we summarized as follows: first, "common ownership"—which is "essential" -; second, "financial dependency of the subsidiary on the parent corporation;" third, "the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities;" and fourth, "the degree of control over the marketing and operational policies of the subsidiary exercised by the parent."

*Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 184–85 (2d Cir.1998) (quoting *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,* 751 F.2d 117, 120–22 (2d Cir.1984)).[6]

■ At present, Aerotel's allegation that Sprint Communications and Sprint Spectrum are mere departments of Sprint Corporation is not sufficient to establish jurisdiction by a preponderance of the evidence. However, this standard is not required at this stage of the litigation. As explained by the Second Circuit:

> Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, ... legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations. After discovery, the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant. At that point, the prima facie showing must be factually supported.

**6.** Other factors include: (1) whether there are common officers or directors; (2) whether there are separate books and accounts; and

*Ball v. Metallurgie Hoboken–Overpelt,* 902 F.2d 194, 197 (2d Cir.1990) (citations omitted).

Here, the allegation that Sprint Communications and Sprint Spectrum are mere departments of Sprint Corporation remains conclusory despite the evidence of overlapping management and the fact that any doubts are to be resolved in the light most favorable to the plaintiff. *See Pilates, Inc. v. Pilates Inst., Inc.,* 891 F.Supp. 175, 178 (S.D.N.Y.1995) However, "[i]n deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway." *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981). At this time, Sprint Corporation's motion to dismiss is denied so that Aerotel can take jurisdictional discovery. Such discovery should be directed to ascertaining the precise level of interrelatedness between Sprint Corporation and Sprint Spectrum/Sprint Communications. After such discovery takes place, Sprint Corporation may renew its motion to dismiss for lack of personal jurisdiction if it deems it appropriate.

### B. Venue

■ Venue in suits for patent infringement is governed solely and exclusively by 28 U.S.C. § 1400(b). *See Stonite Prod. Co. v. Melvin Lloyd Co.,* 315 U.S. 561, 563, 62 S.Ct. 780, 86 L.Ed. 1026 (1942). That statute provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Where a corporation resides is governed by 28 U.S.C. § 1391(c) which reads:

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to

(3) whether there are common business departments. *Kashfi,* 628 F.Supp. at 733 n. 6.

personal jurisdiction at the time the action is commenced.

For purposes of this portion of the Opinion and Order, it will be assumed that Sprint Corporation is subject to personal jurisdiction in New York and, therefore, that the New York venue is also proper as to it. Even though venue in the Southern District of New York is proper as to the remaining defendants and is assumed proper as to Sprint Corporation, the defendants seek to transfer venue to the District of Kansas. It is to this request that I now turn.

### C. Motion to Transfer

#### i. First Filed Rule

"Where two courts have concurrent jurisdiction over an action involving the same parties and issues, courts will follow a 'first filed' rule whereby the court which first has possession of the action decides it." *800–Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F.Supp. 128, 131 (S.D.N.Y.1994) (citation omitted). There is a strong presumption in favor of the forum of the first-filed suit. *Id.* "[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." *Motion Picture Lab. Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.,* 804 F.2d 16, 19 (2d Cir.1986) (citation omitted). "Generally, a 'special circumstances' exception to the first filed rule exists where 'forum shopping alone motivated the choice of the situs for the first suit.' "[7] *800–Flowers,* 860 F.Supp. at 132 (quoting *William Gluckin & Co. v. International Playtex Corp.,* 407 F.2d 177, 178 (2d Cir.1969)).

Here, defendants argue that Aerotel's Original Complaint is a nullity because of improper service and, therefore, that the declaratory judgment action filed in Kansas is the first-filed and should take priority. On the other hand, Aerotel argues that under Rule 15(c) of the Federal Rules of Civil Procedure, its Amended Complaint relates back to the date of the Original Complaint and is thus the first-filed. Defendants reject this argument stating that Aerotels' Amended Complaint cannot relate back under Rule 15(c) because Sprint Corporation was never served and, therefore, the Court never acquired jurisdiction over the first action.

Rule 15 provides for the amendment of pleadings "once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). Where the amendment changes the party against whom the claim is asserted, Rule 15(c) provides for the "relation back" of an amendment to the date of the original proceeding provided the following four conditions are satisfied:

1. The claim asserted in the amended complaint arose out of the conduct, transaction, or occurrence set forth in the original complaint.

2. The new party named in the amended complaint has received notice such that it will not be prejudiced in maintaining a defense on the merits.

3. The new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the new party.

4. The second and third conditions must be satisfied within the 120 day period for service of the original

---

**7.** Another special circumstance justifying deviation from the first-filed rule is the so-called "customer action" where the first-filed suit is against a customer of the alleged infringer while the second suit is against the infringer itself. *See Delamere Co. v. Taylor–Bell Co.,* 199 F.Supp. 55 (S.D.N.Y.1961). Aerotel's first action was against Sprint Corporation. Because Tandy Corporation, assuming it is a mere customer (*see infra* footnote 12), was only added as a defendant in the Amended Complaint, this exception does not apply.

summons and complaint prescribed by Rule 4(m).

*See* Fed.R.Civ.P. 15(c).

■ Here, all four conditions have been met. First, the alleged patent infringement claims arise out of the same transactions, namely, the sale of infringing prepaid telephone cards in New York. Second, Sprint Communications and Sprint Spectrum received notice no later than December 1999 when the Amended Complaint was served upon them. Third, given the relationship between Sprint Corporation and the two limited partnerships—Sprint Communications and Sprint Spectrum—both of which sell prepaid telephone cards in New York, it is reasonable to assume that they knew this action would have been brought against them but for Aerotel's mistake in assuming that Sprint Corporation was selling the telephone cards. The fourth condition is clearly met given the close proximity in time between the filing of the Original Complaint and the filing and service of the Amended Complaint. It thus appears that all of the conditions found in Rule 15(c) have been met and, as a result, the relation back doctrine applies.

Defendants' objection to the applicability of the "relation back" doctrine is not supported by precedent. Defendants cite *Magno v. Canadian Pac. Ltd.*, 84 F.R.D. 414, 415 (D.Mass.1979), and *In re Allbrand Appliance & Television Co., Inc.*, 875 F.2d 1021, 1024 (2d Cir.1989), for the proposition that Rule 15(c) does not apply where the defendant in the original action was never properly served. What these cases stand for, however, is that "an amendment changing a party does not relate back when the original party was not even served with process within the [120 day] statutory period." *Magno*, 84 F.R.D. at 415. This is not in issue as it is undisput-

ed that Sprint Corporation was properly served with the Amended Complaint on December 15, 1999, approximately six weeks after the filing of the Original Complaint. Thus, Aerotel was the first to file and its choice of forum should be respected. In any event, even if defendants are correct in their assertion that Kansas wins the "first-filed" contest, I note that "district courts need not slavishly adhere to the first filed rule, and that where circumstances dictate, 'great significance should not be placed upon the dates the actions were filed.'" *800–Flowers*, 860 F.Supp. at 133 (quoting *Ivy–Mar Co. v. Weber–Stephen Prods. Co.*, 93 Civ. 5973, 1993 WL 535166, at *2 (S.D.N.Y. Dec. 21, 1993)). Therefore, the next question is whether Aerotel's suit against defendants other than Sprint Corporation should remain here regardless of the first-filed rule.

ii. Other Factors

■ The burden of justifying a transfer of venue under 28 U.S.C. § 1404(a) is on the moving party.[8] *See Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978). The factors to be considered in deciding such a motion include:

(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.

*800–Flowers*, 860 F.Supp. at 133.

Here, most of the above factors weigh in favor of maintaining this action in the

---

8. The change of venue statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, "a court may transfer an action only if 1) the plaintiff could have brought the case initially in the proposed transferee forum; and 2) the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Howard v. Four Seasons Hotels Ltd.*, 96 Civ. 4587, 1997 WL 107633, at *1 (S.D.N.Y. Mar. 10, 1997).

Southern District of New York. An analysis of each factor follows.

## (1) & (2) The Convenience of Witnesses and Location of Documents

"The convenience of both party and non-party witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted." [9] *See Howard,* 1997 WL 107633, at *2 (internal quotation marks and citation omitted). The remaining defendants are accused of infringing Aerotel's '275 patent by "making, using, selling and offering for sale, in the United States and in the District [of New York], prepaid telephone card products and services employing the patented invention." Am. Cmpl. ¶¶ 11–13. Presumably, the witnesses with relevant information and any pertinent documents will be located in New York.[10] Moreover, to succeed on a transfer motion, the moving party must " 'clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.' " *Panama Processes, S.A. v. Cities Serv. Co.,* 650 F.2d 408, 417 (2d Cir.1981) (J. Maletz, dissenting) (quoting *Factors Etc.,* 579 F.2d at 218). Defendants have failed to make this necessary showing.

## (3) The Convenience of the Parties

With regard to convenience of the parties, it has been held that where the movant has an extensive nationwide network, the scale tilts slightly in favor of the non-movant. *800–Flowers,* 860 F.Supp. at 134. Even if this does not hold true, "[w]here the balance of convenience is in equipoise, plaintiff's choice of forum should not be disturbed." *Ayers v. Arabian American Oil Co.,* 571 F.Supp. 707, 709 (S.D.N.Y. 1983). Thus, this factor favors New York.

## (4) The Locus of Operative Facts

The location of the operative facts is traditionally an important factor to be considered in deciding venue. *See Mobile Video Servs., Ltd. v. National Ass'n of Broadcast Employees and Technicians, AFL–CIO,* 574 F.Supp. 668, 670–71 (S.D.N.Y.1983). Here, this factor is neutral as the validity and enforceability of the '275 Patent is not geographically dependent.

## (5) Availability of Process

Because Sprint can compel the testimony of its own employees without the need for subpoena, this factor is also neutral.

## (6) Means of the Parties

Where a disparity exists between the means of the parties, a court may consider the relative means of the parties in determining venue. *See Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 988–89 (E.D.N.Y.1991). Here, the disparity in economic resources between Aerotel and Sprint favors maintaining the action in plaintiffs' chosen forum.

## (7) Forum's Familiarity with Governing Law

This factor is neutral as both the Southern District of New York and the District of Kansas are equally well-equipped to decide the patent claims in issue.

## (8) Plaintiff's Choice of Forum

"[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Seagoing Uniform Corp. v. Texaco, Inc.,* 705 F.Supp. 918, 936 (S.D.N.Y.1989) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). Based

---

**9.** The location of documents factor is neutral "[i]n today's era of photocopying, fax machines and Federal Express." *Coker v. Bank of America,* 984 F.Supp. 757, 766 (S.D.N.Y. 1997).

**10.** Witnesses and documents may also be located in Missouri where both Sprint Communications and Sprint Spectrum have offices. *See* Am.Cmpl. ¶¶ 6–7. However, because the instant transfer motion does not seek to transfer the action to Missouri, this fact is of no legal significance.

on the preceding factors, it can hardly be said that the balance strongly favors defendants.

## (9) Interests of Justice

This last factor also militates in favor of a New York forum. One reason is that the Kansas action is one for declaratory judgment. As such, that court cannot award damages to the infringing party should it find the '275 Patent valid and enforceable. Second, the Kansas court may not have jurisdiction over Aerotel, Ltd. and the action may have to be dismissed. *See* Defendant [Aerotel's] Motion to Dismiss and Alternative Motion to Transfer, attached as Exhibit 5 to the Broitman Declaration. If I were to transfer this case to Kansas only to find the Kansas court lacks jurisdiction over Aerotel, Ltd., Aerotel would, in effect, have no remedy other than bringing another action in this or some other forum. Surely such a result is not in the interests of justice.

In short, the transfer of venue factors either favor this district or are neutral. I have found nothing that would warrant transferring this action to the District of Kansas where it would be joined with the pending declaratory judgment action. Accordingly, the case will proceed in New York.[11]

## III. Conclusion

For the reasons set forth above, Sprint Corporation's motion to dismiss for lack of personal jurisdiction and improper venue is denied, without prejudice, subject to renewal after sufficient jurisdictional discovery has taken place. The remaining motions to transfer venue are denied. A

status conference is scheduled for April 18, 2000 at 4:30 p.m.

---

11. The argument that this action should be stayed as against Tandy Corporation because the addition of Tandy Corporation represents a mere customer suit is rejected. According to Aerotel, Tandy Corporation is not simply a customer but is rather a joint tortfeasor in the infringement. Tandy Corporation allegedly receives prepayments from customers and in return gives those customers Sprint prepaid telephone calling cards having a special code or PIN number. These actions allegedly constitute performance of a step in method claim 23 of the '275 Patent. *See* Plaintiffs' Memorandum of Law in Opposition to Sprint Corporation's Motion to Dismiss the Complaint or Transfer at 20.