**ORISKA INSURANCE COMPANY and U.S. Management, Inc., Plaintiffs,**

v.

**The POWER P.E.O., INC., et al., Defendants.**

**No. 5:03–CV–01481.**

United States District Court, N.D. New York.

April 28, 2004.

Kernan Professional Group, LLP, Leighton R. Burns, Elizabeth Anne Burns, James W. Hyde, IV, of Counsel, Oriskany, NY, Attorneys for Plaintiff Oriska Insurance Co.

Beilis & Pols, P.C., Donald J. Pols, of Counsel, New York City and Albany, NY, Attorneys for Plaintiff U.S. Management, Inc.

Roemer, Wallens Law Firm, Matthew J. Kelly, of Counsel, Albany, NY, Attorney for Defendant Employers.

Fasset, Flint Law Firm, Christopher P. Flint, of Counsel, Albany, NY, Attorney for Defendant Power P.E.O., Inc.

Murray JS Kirshtein, Utica, NY, Attorney for TigerLines, Inc.

## MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

Plaintiff Oriska Insurance Company ("Oriska") issued a workers' compensation insurance policy to plaintiff U.S. Management, Inc. ("U.S. Management"), a labor contractor. A subsequent agreement between Oriska and defendant The Power P.E.O., Inc. ("Power"), added Power as an additional insured. Plaintiffs claim, under the Lanham Act, that Power misrepresented to its clients that it could issue and bind workers' compensation policies through its agreement with Oriska.

Defendants move for transfer of venue, pursuant to 28 U.S.C. § 1404(a), to the U.S. District Court, Central District of California. Plaintiffs oppose. Oral arguments were heard on this matter on March 22, 2004, in Utica, New York. Decision was reserved.

## II. FACTS

Oriska is an insurance company that is authorized to transact workers' compensation business in the state of New York with its principal place of business in Oriskany, New York. U.S. Management is a New York labor contractor based out of Brooklyn, New York. On May 1, 2002, Oriska provided U.S. Management with a workers' compensation policy as a labor contractor. Power is incorporated in New York, Arizona, and California, with offices in New York City. It operates as a professional employer organization providing payroll, tax reporting, and other administrative services to its clients, including workers' compensation coverage. The remaining defendants, small businesses lo-

cated mainly in California, claim to be covered under U.S. Management's workers' compensation policy through Power.

On June 17, 2002, following discussions between Power and Oriska, Power was added as an additional insured to the already existing workers' compensation policy between Oriska and U.S. Management. The contractual obligations created by adding Power included Oriska's duty to pay the workers' compensation claims of the employees of Power's clients, such as the employer-defendants, in California and elsewhere. After Power was added to the policy, it forwarded all payroll information for all of its clients in California and Arizona to Oriska and U.S. Management. Additionally, each month Power remitted premiums and a detailed report on their clients to Oriska. Requests for certificates of insurance were made to Oriska and U.S. Management, and each certificate request indicated the client's name and address. Initially, U.S. Management issued approximately 80 certificates of workers' compensation insurance to Power's clients in California and Arizona. Oriska then took the process in house and issued approximately 200–400 certificates of insurance to Power's clients in California and Arizona. Oriska claims that Power issued additional primary certificates of insurance itself, without Oriska's knowledge, after Oriska provided Power with written guidelines explaining that only Oriska was to issue primary certificates of insurance to Power and its clients.

The contract between Oriska and Power also selected Stuart Baron ("Baron"), a California licensed Third Party Administrator ("Administrator"), who was to provide claims adjusting and administrative services.

On April 1, 2003, the California Department of Insurance issued a Cease and Desist Order against Oriska and Power ordering them to refrain from marketing, selling, or collecting premiums on any new or renewal workers' compensation policies. The order was issued because Oriska, although licensed to write workers' compensation policies in New York, was not authorized to do so in California. More specifically, Oriska's unlicensed practice in California was a violation of California Labor Code § 3700, which requires that every employer secure workers' compensation insurance from an insurer duly authorized to write workers' compensation insurance in California.

On May 7, 2003, the California Department of Insurance clarified its Cease and Desist Order by explaining in a letter to counsel for Power that while the order prevented Oriska and Power from selling, marketing, or collecting premiums for any new or renewal workers' compensation policy, they were still obligated to pay all workers' compensation claims that existed prior to the May 1, 2003, expiration of Oriska's policy with Power.

On December 23, 2003, Administrator Baron informed employers and injured workers who were clients of Power and insured by Oriska that it was unable to pay injured employee claims and would turn over the claims to the State of California for administration by the Uninsured Employers Fund.

On January 13, 2004, Oriska and U.S. Management filed their amended complaint in the Northern District of New York under § 43 of the Lanham Act, 15 U.S.C. § 1125(a), which makes it unlawful for any person, in connection with goods or services, to use in commerce any "false designation of origin, false or misleading description of fact, or false representation of fact, which is likely to cause confusion ... or mistake." Plaintiffs claim that Power, as an additional insured on U.S. Management's policy, intentionally misrepresented in commerce that it was author-

ized to issue and bind workers' compensation insurance provided by Oriska, collect premiums, issue certificates verifying insurance coverage, and adjudicate and pay claims when it was not authorized to do so. As a result of the misrepresentation by Power, plaintiffs claim insureds, potential insureds, and their employees were mistakenly led to believe they were insured by Oriska. Plaintiffs further allege that they never delegated to Power authority to issue and bind workers' compensation insurance provided by Oriska through the policy issued to U.S. Management. As a remedy, plaintiffs seek a declaratory judgment that Power did not have the authority to bind coverage on behalf of plaintiffs and an order requiring defendants to pay claims arising from certificates of insurance issued by them.

Defendants move for transfer of venue to the U.S. District Court, Central District of California, where a lawsuit filed by Power alleging breach of contract is pending. Defendants essentially claim that transfer of venue should be granted because the vast majority of communications regarding the policy between the parties took place in California, and that ninety-five of the defendants are residents of California, therefore the convenience of the witnesses would be best served if the case were transferred to California.

## III. *DISCUSSION*

Under 28 U.S.C. § 1404(a), "[for] the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Lynch v. National Prescription Administrators,* No. 03 Civ. 1303(GBD), 2004 WL 385156, at *1 (S.D.N.Y. March 1, 2004). In deciding whether to transfer, courts have considered the private interest factors, which include:

(1) the convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.,* at *2; *see Constitution Reinsurance Corp. v. Stonewall Ins. Co.,* 872 F.Supp. 1247, 1250 (S.D.N.Y.1995). The plaintiff's choice of forum is controlling unless the balance of convenience and justice weigh heavily in favor of defendant's proposed forum. *Lynch,* 2004 WL 385156, at *2. Additionally, the defendant has the burden of making out a strong case for transfer. *Ford Motor Co. v. Ryan,* 182 F.2d 329, 330 (2d Cir.1950), *cert. denied,* 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950).

### A. *Convenience of the Witnesses*

Convenience of the witnesses is considered the single most important factor in the analysis of whether a transfer should be granted. *Lynch,* 2004 WL 385156, at *2; *see Aerotel, Ltd. v. Sprint Corp.,* 100 F.Supp.2d 189, 197 (S.D.N.Y.2000). Defendants contend that all of the ninety-five defendant small business owners are located in California as well as the injured employees that were insured under the Oriska policy. Defendants further contend that the Administrator, Baron, is a witness in California and the representatives of the California Department of Insurance are witnesses in California.

This action seeks a determination of the nature of the contractual relationship between the parties, and whether defendants made material misrepresentations, not the relationship between Power and the claim-

ants who did not receive their benefits. Defendants' emphasis on the ninety-five small business owners and their employees is misplaced considering the only proof they will offer is in the form of a certificate of insurance, the validity of which the parties may stipulate. It would not be necessary, however, to hail these ninety-five defendants into court in New York, or California for that matter. Since Baron and the representatives from the California Department of Insurance will not offer evidence as to the nature of the contractual relationship between Oriska and Power, the actual physical presence of these witnesses is not necessary, and their convenience in litigating in New York is not a factor that weighs in favor of transfer.

### B. Location of Documents

Defendants claim that the Administrator's voluminous records, as well as the files of the clients and claimants, are located in California. The location of documents factor, however, "is neutral in today's era of photocopying, fax machines, and Federal Express." *Lynch*, 2004 WL 385156, at *3; *see Aerotel, Ltd.*, 100 F.Supp.2d at 197 n. 2. As mentioned above, this is a contract action, and considering that Oriska dealt directly with Power in the formation of their agreement, many of the relevant discovery documents needed to determine the nature of their relationship would be located in Oriska's Oriskany, New York, office. Furthermore, it would be relatively easy to photocopy the relevant documents that are located in California or elsewhere and transport them to New York. Thus, this factor does not favor transfer.

### C. Convenience of the Parties

Defendants again claim that the ninety-five defendant witnesses are located in California and that, while Power is incorporated in New York, it is merely a shell entity designed to facilitate Power's business in California and Arizona. Both Oriska and U.S. Management are located in New York. Since the ninety-five defendant argument is essentially moot, as set forth above, the relevant consideration is the convenience of Oriska, U.S. Management, and Power. As all three parties are New York corporations, this factor does not weigh in favor of transfer.

### D. Locus of Operative Facts

█ "The location of the operative events is a primary factor in determining a § 1404(a) motion to transfer." *Lynch*, 2004 WL 385156, at *4. Defendants claim that prior to each certificate being issued, the clients contracted with Power in California and gathered documents and information there. Power then forwarded the information to the Administrator in California and Oriska in New York. Defendants' argument that California was the location where each certificate of insurance was issued does not speak to the probative issue of the nature of the parties' relationship. Both the contract negotiations and the resulting agreement occurred in New York. Additionally, Baron traveled to Oriska's office in Oriskany, New York, to discuss the nature of his involvement in the agreement and agreed to be Administrator. Defendants have not shown that this factor favors transfer to California.

### E. Availability of Process

The availability of process to compel the attendance of unwilling witnesses also favors the plaintiffs' choice of forum. Defendants contend New York would probably not be able to compel the attendance of a single defendant as none of the injured workers have ever set foot in New York. The attendance of these witnesses is not necessary considering that the injured workers and their employers may only offer evidence to the fact that they had

insurance policies not, however, evidence as to whether the parties' contractual relationship provided for Power to issue certificates of insurance. Therefore, the action is not subject to transfer based on the availability of process.

### F. *Relative Means of the Parties*

■ "Where a disparity exists between the means of the parties, a court may consider the relative means of the parties in determining venue." *Lynch,* 2004 WL 385156, at *4; *see Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.,* 178 F.Supp.2d 459, 467 (S.D.N.Y.2002). Although defendants do not address this factor, there is no indication that there is any disparity between the means of the parties that would favor transfer to California.

### G. *Forum's Familiarity with Governing Law*

Contrary to defendants' argument that this case will principally turn on whether Oriska was engaged in the business of insurance in California, this case was brought under the Lanham Act and will turn on whether Power was authorized to sell insurance by Oriska, and whether Power made misrepresentations. As this is a federal statute, a federal court in New York is as well equipped as one in any other state to determine the outcome. Thus, this factor does not weigh in favor of transfer.

### H. *Plaintiff's Choice of Forum*

The plaintiff's choice of forum is ordinarily entitled to considerable weight unless there is little connection between the forum and the facts. *Lynch,* 2004 WL 385156, at *5. Defendants contend that although plaintiff's choice of forum is afforded considerable weight, it is not dispositive. Since the balance of convenience weighs in favor of the plaintiffs' choice of forum, as it has been determined that the locus of operative facts was New York, the Northern District of New York will defer to plaintiffs' choice.

### I. *Trial Efficiency and the Interests of Justice*

"The interests of justice is a broad concept that requires the court to consider the totality of the circumstances presented." *Id.,* at *6. Defendants claim that plaintiffs are more financially capable of handling out-of-state litigation than the injured workers in California, and since California issued the Cease and Desist Order, California has a greater interest in seeing justice served in their state. As noted above, the injured workers will play no role in determining the contractual relationship between Oriska and Power, and will therefore bear no cost of litigation whether in New York or California. The Cease and Desist Order orders Oriska to stop selling insurance in the state of California where it was not authorized. While it is certainly in California's interest to see that entities violating its laws cease to do so, that does not speak to the nature of the relationship between the parties. Whether Oriska violated the California Labor Code is not an issue here. Rather, what is at issue is whether Power made misrepresentations pursuant to its contract with Oriska, which was negotiated and entered into here in New York, involving New York corporations.

It is therefore, neither in the interests of justice nor trial efficiency to transfer the case to California.

### IV. *CONCLUSION*

Defendants have failed to demonstrate that any of the factors weigh in favor of transfer of this action to the Central District of California.

Accordingly, it is

ORDERED that

1. Defendants' motion for transfer of venue is DENIED; and

2. Defendants shall file and serve answers and/or motions to the amended complaint on or before May 14, 2004.

IT IS SO ORDERED.