AEC ONE STOP GROUP, INC., Plaintiff,

v.

**CD LISTENING BAR, INC. dba Super D, Bruce Ogilvie and Jeff Walker, Defendants.**

**No. 03 Civ. 8463(DC).**

United States District Court, S.D. New York.

July 16, 2004.

---

Donovan & Yee LLP, by Marya Lenn Yee, Esq., Francine Miller, Esq., New York, NY, for Plaintiff.

Thelen Reid & Priest LLP, by Michael S. Elkin, Susan B. McInerney, Alyson L. Redman, New York, NY, and The General Counsel Group, P.C., by Donald G. Ezzell, Los Angeles, CA, for Defendants.

### *MEMORANDUM DECISION*

CHIN, District Judge.

In this copyright infringement suit, defendants CD Listening Bar, Inc., dba Super D ("Super D"), Bruce Ogilvie, Jr., and Jeffrey C. Walker move pursuant to 28 U.S.C. § 1404(a) for an order transferring the action to the United States District Court for the Central District of California. For the reasons set forth below, the motion is granted.

### *BACKGROUND*

### I. *Facts*

### A. *Parties*

Plaintiff AEC One Stop Group, Inc. ("AEC") is a full-service entertainment distributor, shipping pre-recorded music and video products and information about such products to retail stores.

(Compl.¶ 1).[1] It is a Delaware corporation with an office and principal place of business in Coral Springs, Florida. (*Id.* ¶ 4).

Super D is a volume wholesaler of CDs, DVDs, and video products. (Supp. Aff.¶ 9).[2] It is a California corporation with its principal place of business in Irvine, California. (Def. Mem. at 2).[3] Ogilvie is the Chief Executive Officer of Super D and a resident of Southern California. (Supp.Aff.¶¶ 1–2). Walker is the Chief Financial Officer of Super D and a resident of Southern California. (Nigro Aff. Ex. B).[4]

### B. *Claims*

On January 2, 2002, AEC purchased certain assets from non-party Valley Media, Inc. ("Valley Media"), pursuant to an order of the United States Bankruptcy Court for the District of Delaware. (Compl.¶ 4). The assets were purchased through an auction conducted by telephone from Valley Media's headquarters in Woodland, California. (Supp.Aff.¶ 6). One of the purchased assets was Audiofile, a business-to-business distribution database used by retailers in inventory management systems. (Compl.¶ 5). Over the course of a year, AEC created a derivative of Audiofile called AECFile that included additional data. (Pl. Mem. at 3).[5] AEC alleges that defendants copied Audiofile to create SuperFile, which defendants license to AEC's potential customers. (Compl.¶¶ 15–17). AEC claims that defendants' actions constitute willful copyright

infringement in violation of 17 U.S.C. § 101 et seq. and common law unfair competition. (*Id.* ¶¶ 7–8).

Defendants claim that AEC purchased only a non-copyrighted "data extract" from Valley Media. (Def. Mem. at 1). Defendants further claim that AEC abandoned the relevant market after the purchase of Audiofile and that defendants' copyright registration for its SuperFile product predates AEC's registration by sixteen months. (*Id.*).

### C. *Other Facts Regarding Venue*

AEC has an office with at least ten employees in New York. (Pl. Mem. at 4). Ogilvie, a former member of AEC's Board of Directors, however, claims that AEC's New York office and employees are unrelated to Audiofile, no witness for AEC lives or works in New York, and that AEC has at least two offices and numerous employees in California. (Supp.Aff.¶¶ 4–5). AEC has specifically named one witness, Robert Ekizian, who is a resident of Florida and travels to New York for business. (*Id.*).

Defendants have identified Ogilvie and Walker as witnesses. (Def. Reply at 2).[6] Defendants do not own any property, real or personal, in New York. (Nigro Aff. Ex. A, B). All of Super D's officers, directors and the bulk of their employees are in California. (*Id.* Ex. A). Any former employees who were involved with the sale of Audiofile are located in California. (Supp.

---

1. "Compl." refers to Plaintiff's Complaint of October 27, 2003.

2. "Supp. Aff." refers to Defendants' Supplemental and Responsive Affidavit of Bruce Ogilvie, Jr. of June 14, 2004.

3. "Def. Mem." refers to Defendants' Memorandum in Support of Motion to Transfer Civil Action of May 14, 2004.

4. "Nigro Aff." refers to the Amended Affirmation of Jennifer Nigro of May 17, 2004.

5. "Pl. Mem." refers to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Transfer Venue of June 4, 2004.

6. "Def. Reply" refers to Defendants' Reply to Opposition to Motion to Transfer Civil Action of June 14, 2004.

Aff.¶ 2). All of Super D's documents are located in California. (Nigro Aff. Ex. A). Super D does not do substantial business in New York, but has offered its SuperFile product to customers in New York, and has at least one customer in New York. (Def. Mem. at 4). Super D claims to be less than one-tenth the size of AEC. (Supp. Aff.¶ 11).

## II. *Procedural History*

On October 27, 2003, AEC commenced the instant action under 17 U.S.C. § 101, claiming that defendants infringed its copyrights by copying AEC's Audiofile program and licensing it to AEC's potential customers. (Compl.¶¶ 15–17). On May 14, 2004, defendants filed this motion to transfer venue.

### *DISCUSSION*

Defendants' motion to transfer this action to the Central District of California is granted because the action could have been brought there and the interests of convenience and justice favor transfer to California.

## I. *Applicable Law*

■ Under 28 U.S.C. § 1404, a court may transfer any civil action to any other district where the case might have been brought if the transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a); *see Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The purpose of § 1404(a) is "to prevent waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Trehern v. OMI Corp.,* 98 Civ. 0242, 1999 WL 47303, at *1 (S.D.N.Y. Feb.1, 1999) (quoting *Wilshire Credit Corp. v. Barrett Capital Mgmt. Corp.,* 976

F.Supp. 174, 180 (W.D.N.Y.1997) (internal quotations and citation omitted)).

■ The decision whether to transfer venue rests within the sound discretion of the district court. *Air–Flo M.G. Co. v. Louis Berkman Co.,* 933 F.Supp. 229, 233 (W.D.N.Y.1996). In ruling on a motion to transfer venue, the trial judge is to give the plaintiff's choice of venue substantial consideration. *Warrick v. Gen. Elec. Co.,* 70 F.3d 736, 741 (2d Cir.1995).

■ "The threshold question in deciding transfer of venue ... is whether the action could have been brought in the transferee forum." *Millennium v. Hyland,* 03 Civ. 3900, 2003 WL 22928644, *2, 2003 U.S. Dist. LEXIS 22239, at *5 (S.D.N.Y. Dec. 8, 2003). If this is established, the district court generally should disturb the plaintiff's choice of forum only if, on balance, the following factors clearly favor transfer: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the location of relevant documents and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the forum's familiarity with the governing law; (7) the relative financial means of the parties; (8) the weight afforded plaintiff's choice of forum; and (9) trial efficiency and the interests of justice generally. *See Anadigics, Inc. v. Raytheon Co.,* 903 F.Supp. 615, 617 (S.D.N.Y.1995). "There is no rigid formula for balancing these factors and no single one of them is determinative." *Citigroup Inc. v. City Holding Co.,* 97 F.Supp.2d 549, 561 (S.D.N.Y.2000).

## II. *Application*

### A. *The Action Could Have Been Brought in California*

■ Venue in a copyright infringement suit is governed exclusively by 28 U.S.C.

§ 1400(a), which provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights ... may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400. As a corporation, Super D is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); *see also VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578–79 (Fed.Cir.1990) (holding that § 1391(c) applies to § 1400); *accord Aerotel, Ltd. v. Sprint Corp.*, 100 F.Supp.2d 189, 194–95 (S.D.N.Y.2000). Super D is a California corporation, and Ogilvie and Walker are both residents of California. Hence, defendants would be subject to jurisdiction in the Central District of California.

Many of the events giving rise to the claim occurred in the Central District of California. Hence, venue would be proper in the Central District. 28 U.S.C. § 1391; *see also VE Holding Corp.*, 917 F.2d at 1578–79. Accordingly, this action could have been brought in the Central District of California.

### B. *Transfer to California is Warranted*

■ Super D has demonstrated that a balancing of the factors and the interests of justice weigh heavily in favor of transfer. The Court addresses each factor in turn.

#### 1. *Convenience of Witnesses*

The convenience of party and nonparty witnesses is usually the most important consideration in deciding a motion to transfer venue. *In re Stillwater Mining Co. Sec. Litig.*, 02 Civ. 2806, 2003 WL 21087953, *3, 2003 U.S. Dist. LEXIS 7983, at *9 (S.D.N.Y. May 9, 2003) (citations omitted). "When weighing the convenience of the witnesses, courts must consider the materiality, nature, and quality of each witness, not merely the number of witnesses in each district." *Royal & Sunalliance v. British Airways*, 167 F.Supp.2d 573, 577 (S.D.N.Y.2001). To succeed on a transfer motion, the moving party must "clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Marcotte v. Joyce Beverages, Inc.*, 87 Civ. 7412, 1990 WL 52123, *2, 1990 U.S. Dist. LEXIS 4336, at *7 (S.D.N.Y. Apr. 13, 1990).

This action relates to copyright infringement pursuant to 17 U.S.C. § 101. The key witnesses, accordingly, are those officers and employees who were involved in the design, production, and sale of the Audiofile and SuperFile products. Super D has identified two witnesses who will be testifying at trial, Ogilvie, CEO of Super D, and Walker, President and CFO of Super D. Both witnesses live and work in California. Moreover, as all of Super D's executives and key employees who will serve as witnesses reside in California, other Super D personnel are likely to be inconvenienced by suit in New York.

AEC has not identified any potential witnesses who reside in New York. The one witness AEC has identified, Robert Ekizian, Vice President of Marketing and Independent Retail Sales, is a resident of Florida. Ekizian claims that it is more convenient for him to fly to New York than California. Ekizian's claim does little to shift the balance in favor of AEC, for the difference between flying from Florida to New York and Florida to California is minimal. Finally, as discussed below, any Valley Media witnesses are likely to be located in California. Accordingly, this factor weighs heavily in favor of transfer.

## 2. *Convenience of the Parties*

The convenience of the parties also weighs in favor of transfer. Super D is a California corporation with its principal place of business in California, and has no offices in New York. AEC is a Delaware corporation with its principal place of business in Florida. AEC has an office in New York, but also appears to have one or more offices in California. Accordingly, transfer to California "does not merely shift inconvenience and expense but, to a great extent, eradicates them." *United States Fidelity & Guaranty Co. v. Republic Drug Co.,* 800 F.Supp. 1076, 1083 (E.D.N.Y.1992).

## 3. *Locus of Operative Facts*

The operative facts in infringement cases usually relate to the design, development and production of an infringing product. *See MasterCard Int'l Inc. v. Lexcel Solutions, Inc.,* 03 Civ. 7157, 2004 WL 1368299, *6, 2004 U.S. Dist. LEXIS 10906 at *18 (S.D.N.Y. June 16, 2004). In the instant case, Audiofile was purchased via an auction conducted in California pursuant to an order of the United States Bankruptcy Court for the District of Delaware. The allegedly infringing product, Super-File, was designed and developed in California. This factor weighs in favor of transfer.

It should be noted that in the Southern District of New York, courts have found that in an action for unfair competition, "the locus of the operative facts is in the initial forum if the acts of unfair competition ... occur in that forum." *Student Advantage, Inc. v. Int'l Student Exchange Cards, Inc.,* 00 Civ.1971, 2000 WL 1290585, **6–7, 2000 U.S. Dist. LEXIS 13138 at *21–22 (S.D.N.Y. Sept. 12, 2000). While the allegedly infringing product may have been offered for sale in the Southern District of New York, most of Super D's commercial contacts are in California and most of the alleged infringing acts occurred outside New York. (Nigro Aff. Ex. A).

## 4. *Location of Documents and Other Evidence*

In infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. *See Boreal Laser, Inc. v. Coherent, Inc.,* 91 Civ. 5863, 1992 WL 9375, *2, 1992 U.S. Dist. LEXIS 276, at *5 (S.D.N.Y. Jan. 13, 1992). While some courts require a detailed showing by the defendant of how, with respect to this factor, it would be burdened by not transferring, *see, e.g., NBA Props., Inc. v. Salvino, Inc.,* 99 Civ. 11799, 2000 WL 323257, **7–8, 2000 U.S. Dist. LEXIS 3799, at *23–24 (S.D.N.Y. Mar. 27, 2000), other courts refrain from making this inquiry. *See, e.g., Boreal Laser,* 1992 WL 9375, *2, 1992 U.S. Dist. LEXIS 276, at *5.

Neither plaintiff nor defendants have detailed the nature and volume of the documents they plan to produce or the difficulty involved in transporting such documents. Plaintiff claims that its documents are located in Florida and defendant states that all of its relevant documents are in California. Accordingly, this factor favors transfer.

## 5. *Witnesses Within the Subpoena Power of this Court*

The parties have not identified any third party witnesses who are within the subpoena power of this Court. As a general matter, however, Valley Media played a role in the events in question, and any former Valley Media employees who might be called to testify most likely reside in California. Consequently, they would probably be more willing to testify in their home state than in New York. *See Bionx Implants, Inc. v. Biomet, Inc.,* 99 Civ. 740,

1999 WL 342306, **4–5, 1999 U.S. Dist. LEXIS 8031, at *14–15 (S.D.N.Y. May 25, 1999). Moreover, any unwilling witnesses would likely be subject to process in California to compel their attendance but not in New York. This factor, accordingly, weighs in favor of transfer.

### 6. *Familiarity of Forum with Applicable Law*

Familiarity with the governing law is generally given little weight in federal courts. *Astor Holdings, Inc. v. Roski*, 01 Civ.1905, 2002 WL 72936, *13, 2002 U.S. Dist. LEXIS 758, at *39 (S.D.N.Y. Jan. 15, 2002). In this instance, where the issue of federal copyright law is a subject on which both courts are familiar, this factor is neutral.

### 7. *Relative Means of the Parties*

Where a disparity of means exists between the parties, the relative means between the parties is a relevant factor in determining venue. *See Aerotel, Ltd.*, 100 F.Supp.2d at 197. When both parties are corporations, however, this factor is given little weight. *See Arrow Electronics Inc. v. Ducommun Inc.*, 724 F.Supp. 264, 266 (S.D.N.Y.1989). In the case at bar, Super D is roughly one-tenth the size of AEC. As both companies are corporations and neither has expressed an inability to litigate in the Southern District of New York, this factor weighs slightly in favor of transfer.

### 8. *Plaintiff's Choice of Forum*

A plaintiff's choice of forum, while normally accorded significant weight, is given less deference if the chosen forum is not the plaintiff's home state. *Kiss My Face Corp. v. Bunting*, 02 Civ. 2645, 2003 WL 22244587 at *4 (S.D.N.Y.2003). "Where there is ongoing business activity in the chosen forum, however, plaintiff's choice of forum is given more deference than it would if the connection to this forum were truly *de minimis.*" *Id.* (internal quotations omitted). AEC does a substantial amount of business in the Southern District of New York, and accordingly, this factor weighs against transfer.

### 9. *Trial Efficiency and Interests of Justice*

Finally, neither party alleges that either New York or California courts would be overburdened by the litigation in their courts. The interests of justice, however, favor transfer to the Central District of California for the reasons set forth above. In short, the balance of factors weighs strongly in favor of transferring this action.

### *CONCLUSION*

For the reasons set forth above, defendants' motion to transfer venue is granted. The Clerk of the Court is directed to transfer this case to the Central District of California.

SO ORDERED.