**PAYLESS SHOESOURCE, INC., Plaintiff,**

v.

**AVALON FUNDING CORPORATION, et al., Defendants.**

**No. 08–cv–4744 (ADS)(ARL).**

United States District Court, E.D. New York.

Oct. 29, 2009.

Anthony W. Eckert, III, Esq., of Counsel, Kaplan, Massamillo & Andrews LLC, New York, NY, for Plaintiff.

Mark T. Kearney, Esq., of Counsel, Smith, Chapman & Campbell PC, Santa Ana, CA, Bryon L. Friedman, Esq., of Counsel, Littleton Joyce Ughetta Park & Kelly LLP, Purchase, NY, for Defendant Avalon Funding Corporation.

Stephen R. Angel, Esq., of Counsel, Esseks, Hefter & Angel, LLC, Riverhead, NY, for Defendant Cleanway Industries, Inc.

Fusion Electric, Overland Park, KS, Defendant pro se.

Gary Downing Plumbing, Griffith, IN, Defendant pro se.

Rainbow Mississauga Ltd., Mississauga, CA, Defendant pro se.

QNS Plumbing, Sewer & Drain Inc., North Brunswick, NJ, Defendant pro se.

Spectra H.V.A.C. Service Corporation, Union City, NJ, Defendant pro se.

Silverstone Electric Co., Inc., Bridgeport, CT, Defendant pro se.

R.D. Prime General Contractor, Inc., Bay City, MI, Defendant pro se.

Ronco Electrical Contractors, Inc., Union City, NJ, Defendant pro se.

R.K.R. Inc., Jeffersonville, IN, Defendant pro se.

Premium H2O, Inc., West Bath, ME, Defendant pro se.

Ponder Door, Bay City, MI, Defendant pro se.

Ricks Remodeling, Rutland, VT, Defendant pro se.

Robinson Carpet Cleaning, Woodbridge, VA, Defendant pro se.

Williams Plumbing & Drain Service, Tulsa, OK, Defendant pro se.

W & E Electric, Orosi, CA, Defendant pro se.

W. Contracting Inc., Honolulu, HI, Defendant pro se.

3G Contractors, Frederick, MD, Defendant pro se.

Tower Electric, San Antonio, TX, Defendant pro se.

Thompson Electric, LLC, Myrtle Beach, FL, Defendant pro se.

Advanced Plumbing & Drain Cleaning, Inc., Athens, GA, Defendant pro se.

American Handyman, Urbandale, IA, Defendant pro se.

Alvis Electric, Christiansburg, VA, Defendant pro se.

Area Walls Inc., Faulkner, MD, Defendant pro se.

Ackerman Electric Contracting, Inc., Livingston, NY, Defendant pro se.

Access Door Systems, Austin, TX, Defendant pro se.

Carl's Plumbing Service, Inc., Milwaukee, WI, Defendant pro se.

Cleghorn Plumbing & Heating Co., Fitchburg, MA, Defendant pro se.

Clover Painting & Drywall Company, Baltimore, ME, Defendant pro se.

Sipes Co., New Enterprise, PA, Defendant pro se.

House Doctor Handyman Services, McAllen, TX, Defendant pro se.

Handy–1 Handyman Service, Honolulu, HI, Defendant pro se.

Harrison Electric, Whittier, CA, Defendant pro se.

House Doctors Handyman Service, Goshen, IN, Defendant pro se.

Pottstown Counter Top Service, Gilbertsville, PA, Defendant pro se.

On Demand Plumbing & Heating LLC, Concord, NH, Defendant pro se.

Ok Ceiling Inc. Toledo, OH, Defendant pro se.

Eron's Plumbing, LLC, East Wenatchee, WA, Defendant pro se.

Watermasters, Greensboro, NC, Defendant pro se.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Plaintiff Payless Shoesource, Inc. ("Payless") filed the present interpleader action requesting that the Court determine the disposition of the sum of $224,816.44 that Payless has placed in a court escrow. Payless has deposited this money because it believes it may be claimed by two or more adverse parties. Payless has placed this sum in an escrow account held by the Court. Avalon Funding Corporation ("Avalon"), one of the defendants named by Payless, has moved, in the alternative, to (1) dismiss the present action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, (2) stay the present action pending a final disposition in a related case in California state court, or (3) transfer this action to the Central District of California.

In addition, Payless has moved by order to show cause for (1) a stay of any current or future actions against Payless that would interfere with the present action, (2) a discharge from the present action, and (3) attorneys' fees and costs. For the reasons set forth below, the Court denies all of Avalon's motions and refers this

matter to United States Magistrate Judge Arlene R. Lindsay for further proceedings.

## I.  BACKGROUND

### A.  Factual Background

The parties appearing do not materially dispute the following facts.  Plaintiff Payless is a well-known nation-wide shoe retailer.  In or around May 2007, Payless retained National Service Online Corp. ("NSO") to hire subcontractors to provide maintenance services for Payless' stores throughout the United States.  Under their contract, Payless paid NSO for the subcontractors' work, plus an additional fee for NSO's services as general contractor.  NSO then paid the subcontractors. The parties have not alleged the specific details of Avalon's contract with NSO or NSO's contracts with its subcontractors, and none of the parties have placed these contracts before the Court in this matter.

In December 2007 or January 2008, NSO ceased paying certain subcontractors for work they had performed in Payless stores.  Payless thereafter withheld payment from NSO pending assurance that NSO would resume paying the subcontractors.  A number of subcontractors who performed work in Payless's stores remain unpaid.

About the same time that NSO ceased paying its subcontractors, NSO also sold to Avalon one or more of its accounts receivable from Payless.  Avalon is a factoring company, and regularly purchases accounts receivable at a discount from other parties.  Avalon claims it is owed the entirety of the $224,816.44 fund Payless deposited with the Court based on its ownership of NSO's accounts receivable.

### B.  Procedural History

On March 19, 2008, a related case was filed in New York State Supreme Court, Suffolk County.  That case, *Cleanway Industries, Inc. v. Payless Shoesource, Inc.*, Index No. 08–11190, (the "Cleanway Action") was brought by a defendant named in the present suit, Cleanway Industries, Inc. ("Cleanway").  In the Supreme Court Action, Cleanway sued for breach of contract, alleging a failure to pay it for the services it performed in Payless stores pursuant to a contract with NSO and/or Payless.  In that action Cleanway alleged $134,905.54 in damages.  On April 18, 2008, Payless removed that action to this Court.  That case is still pending.

On November 7, 2008, Avalon filed a law suit in the Superior Court of California, Orange County against Payless for payment of the accounts receivable it purchased from NSO (the "Avalon Action").  That case has been temporarily stayed by this Court.

On November 21, 2008, Payless filed the present action in the Eastern District of New York, and because it was related to the Cleanway Action, it was assigned to this Court.  Payless states that its action is pursuant to the federal interpleader statute, 28 U.S.C. § 1335.  Section 1335 allows parties facing multiple claims for a single sum of money the right to file suit in court, naming as defendants all parties who may have a claim to the sum.  Payless names in its suit some 595 defendants, including NSO, Avalon, and Cleanway.  Of these named defendants, 40 parties have made appearances in this case, including Avalon and Cleanway.  The Court notes that NSO has not made an appearance.

On July 13, 2009, Avalon moved to dismiss the present action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Payless and Cleanway oppose this motion.

On July 31, 2009, Payless filed a motion by order to show cause requesting (1) a stay of any current or future actions against Payless that would interfere with the present action, (2) the discharge of Payless from the present action, and (3)

attorneys' fees and costs. The Court signed an order to show cause on August 5, 2005, placing these issues before the Court.

On August 7, 2009, Avalon filed a motion to stay this action or, alternatively, to transfer venue to the United States District Court for the Central District of California. Payless opposes this motion.

On August 12, 2009, pending the resolution of Payless's motions, the Court granted a temporary restraining order staying the Avalon Action. The parties were then heard in argument regarding the order to show cause on October 9, 2009. The Payless motions remain pending before the Court.

In addition, Avalon has moved on two occasions to strike the answers of certain defendants. Presently, the Court is not deciding Avalon's motions to strike.

## II. DISCUSSION

### A. As to Statutory Interpleader in General

Payless has filed a statutory interpleader suit pursuant to 28 U.S.C. § 1335. Section 1335 provides in pertinent part:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more . . . if

(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . and if (2) the plaintiff has deposited such money . . . into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem

proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

Section 1335 provides the federal district courts with jurisdiction to hear an interpleader case, and has been interpreted to also provide the elements of an interpleader claim: First, a plaintiff alleging an interpleader action must allege that it is in possession of a single fund of value greater than $500. *Bankers Trust Co. v. Manufacturers Nat. Bank of Detroit*, 139 F.R.D. 302 (S.D.N.Y.1991) (citing to *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967)). Second, the plaintiff must allege "a real and reasonable fear of double liability or vexatious, conflicting claims" *Washington Electric Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir.1993) against the single fund, "regardless of the merits of the competing claims." *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F.Supp.2d 173, 177 (S.D.N.Y.2002); *see also Locals 40, 361 & 417 Pension Fund v. McInerney*, No. 06 Civ.5224 (JFK), 2007 WL 80868, *3 (S.D.N.Y. Jan. 9, 2007). Finally, pursuant to the plain language of Section 1335, a plaintiff must state that it has or is depositing the fund with the court.

28 U.S.C. § 2361 provides the procedure for determination of an interpleader claim, and states in pertinent part:

Such district court shall hear and determine the [interpleader] case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

The Second Circuit has interpreted this statute to generally require a two-step procedure to decide an interpleader action. In the first step, the Court determines whether the jurisdictional requirements of

Section 1335 have been met and, if it finds they have been, the Court discharges the plaintiff from liability. *See New York Life Ins. Co. v. Connecticut Development Authority,* 700 F.2d 91, 95 (2d Cir.1983); *Locals 40, 361 & 417 Pension Fund,* 2007 WL 80868 at *3. In the second step, the Court adjudicates the claims among the remaining adverse parties. *Id.*

## B. As to Avalon's Motion to Dismiss

Avalon has moved to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(6). Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles. *Harris v. Mills,* 22 A.D. 379, 572 F.3d 66 (2d Cir.2009) (quoting *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' " *Id.* (quoting *Iqbal,* 129 S.Ct. at 1949). " 'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' " *Id.* (quoting *Iqbal,* 129 S.Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." *Iqbal,* 129 S.Ct. at 1950.

■ Taking all of Payless's assertions to be true, the Court finds that Payless has stated a claim for interpleader. First, Payless has plausibly alleged that it is in possession of a single fund. Second, Payless has alleged that it fears multiple conflicting claims against this fund from Avalon, NSO, and the many subcontractors who performed the work. This is plausible, in part, because prior to the filing of Payless's interpleader claim, Payless was sued separately by Avalon and Cleanway for all or part of the fund. Third, Payless has deposited the fund with the Court.

To be sure, the Court must also consider whether Payless's allegations are supported by fact before continuing with this interpleader action. The first step of the Second Circuit's two-step process for deciding an interpleader action requires that the Court determine whether the plaintiff's interpleader action is proper based on the record before the Court. *See Fidelity Brokerage Services, LLC v. Bank of China,* 192 F.Supp.2d 173, 178 (S.D.N.Y.2002) (citing *Avant Petroleum, Inc. v. Banque Paribas,* 853 F.2d 140, 143 (2d Cir.1988)). However, this is not part of the analysis in a 12(b)(6) motion, whereby all of the plaintiff's allegations are taken as true. Finding Payless has stated a claim for statutory interpleader, the Court denies Avalon's motion to dismiss.

## C. As to Avalon's Motion to Stay

Avalon has moved to stay the present action pursuant to the federal abstention doctrine. There are several bases for federal abstention, and Avalon does not clearly specify the basis on which it seeks the Court to stay this action. Avalon argues only that California has "a clear interest in adjudicating the lawsuit given that the lawsuit involved Avalon, a factoring company located in and doing business in California, and NSO, another company located in and

doing business in California." (Avalon's Mem. Supp. Mot. to Stay 4–5.) The Court does not find this to be a compelling reason to invoke the federal abstention doctrine.

Rather, the only basis for abstention that appears possibly to apply here is "*Colorado River*-type" abstention, by which a federal court abstains from hearing a case pending in state court to avoid duplicative litigation. *See Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Diamond Offshore Co. v. A & B Builders, Inc.,* 302 F.3d 531 (5th Cir.2002). However, as the Supreme Court pointed out in *Colorado River,* 424 U.S. at 813, 96 S.Ct. 1236:

Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188–189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163, 1166 (1959).

■ Initially, the Court notes that the Avalon Action was filed only ten days prior to the present action. Moreover, there is little risk that this litigation will substantially duplicate the Avalon Action. The Court has stayed the Avalon Action, and prior to the Court's stay, the Avalon Action had not advanced significantly. In addition, Payless is asserting a federal interpleader claim in the present case, naming hundreds of potential defendants. The Avalon Action is significantly smaller in scope and effect, involving only Avalon and Payless. For these reasons, the Court finds that significant duplicative litigation is unlikely in this case. Thus, finding no compelling reason to invoke the federal abstention doctrine, the Court denies Avalon's motion to stay.

### D. As to Avalon's Venue Motion

■ In the alternative, Avalon has moved to change venue to the Central District of California. This motion presents a closer question than Avalon's motion to stay, but here again, the Court finds Avalon's arguments to be unpersuasive.

Avalon's motion is made pursuant to 28 U.S.C. § 1404(a), which provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■■ In any motion to change venue, the movant bears the burden of establishing the propriety of transfer by clear and convincing evidence. *Ford Motor Co. v. Ryan,* 182 F.2d 329, 330 (2d Cir.1950); *Neil Bros. Ltd. v. World Wide Lines, Inc.,* 425 F.Supp.2d 325, 327 (E.D.N.Y.2006) (Spatt, J.); *Excelsior Designs, Inc. v. Sheres,* 291 F.Supp.2d 181, 185 (E.D.N.Y. 2003); *Hernandez v. Blackbird Holdings, Inc.,* No. 01 Civ. 4561, 2002 WL 265130, at *1 (S.D.N.Y. Feb. 25, 2002). The criteria that courts utilize to determine whether to transfer an action under Section 1404 include: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative means of the parties; (4) the locus of operative facts and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having

the case tried by the forum familiar with the substantive law to be applied; and (9) trial efficiency and how best to serve the interests of justice, based on an assessment of the totality of material circumstances. *See D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 106–07 (2d Cir. 2006); *Laumann Mfg. Corp. v. Castings USA, Inc.,* 913 F.Supp. 712, 720 (E.D.N.Y. 1996). Ultimately, "[t]he Court has broad discretion in balancing these factors." *Neil Bros. Ltd.,* 425 F.Supp.2d at 328 (citing *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992)).

As a preliminary matter, the plaintiff's choice of venue is usually given significant weight in this analysis. *Iragorri v. United Technologies Corp.,* 274 F.3d 65, 71 (2d Cir.2001). However, Avalon argues that four factors support giving less deference to Payless's choice of venue. Specifically, Avalon contends that: (1) Payless's action is "defensive", (2) Payless's action is "fortuitous", (3) the chosen forum is not the plaintiff's residence, and (4) the operative facts did not take place in the district. (Avalon's Mem. Supp. Mot. Stay 6.)

The Court finds that the alleged defensiveness of Payless's suit should not be accorded any weight in this analysis. A federal interpleader suit is only proper when a plaintiff has a reasonable fear of claims against it, and thus, most if not all interpleader suits could be termed "defensive." Similarly, the Court finds that Avalon's argument that Payless's suit is "fortuitous" has no bearing on the weight accorded to choice of forum of Payless. Not only does Avalon fail to explain what it means by its claim that the Payless suit is "fortuitous," it also fails to cite any relevant law in support of this argument.

However, it is undisputed that this district is not the home forum of Payless, and for this reason the Court accords a degree of lesser deference to Payless's choice of forum. *See Iragorri,* 274 F.3d at 71.

Similarly, courts generally accord less deference to a Plaintiff's choice of forum when, as here, the forum does not have a strong connection with the locus of operative facts. *See Kai Wu Lu v. Tong Zheng Lu,* No. 04–cv–1097 (CBA), 2007 WL 2693845, *6 (E.D.N.Y. Sept. 12, 2007). However, while there is no strong connection between the operative facts and this district, neither is there a compellingly strong connection between the facts and any other district. The alleged operative facts in this case relate to contracts performed throughout the entire United States. At least one of the subcontractors, Cleanway, is based in this district. In this regard, the Court recognizes that both NSO and Avalon are based in California, and the actions of NSO and Avalon are important to the facts of this case. However, Payless, and hundreds of the subcontractors named by Payless, are not based in California. Thus, while the Court affords less deference to Payless's choice of forum because it is not the primary locus of the operative events, in view of the widespread nature of this case, this factor does not weigh strongly in favor of transferring the case to another venue.

Even when the Court affords less deference to a plaintiff's choice of forum, the defendant seeking transfer retains the burden to show, by clear and convincing evidence, that transfer is appropriate. *Neil Bros. Ltd.,* 425 F.Supp.2d at 327. Avalon argues that (1) the filing of the Avalon Action in California and (2) the presence of Avalon's and NSO's employees and agents in California militate in favor of transfer. In this case, neither of these arguments is persuasive.

In support of its argument that the Avalon Action in California supports transfer, Avalon cites to *Ferens v. John Deere Co.,* 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) for the proposition that

"[w]here a related case is pending in another court, the interest of justice is served by transfer to the location of the related case." (Def. Mem. L. Mot. Stay 7.) However, the *Ferens* court stated more precisely that "[w]e have made quite clear that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" *Ferens*, 494 U.S. at 531, 110 S.Ct. 1274 (quoting *Continental Grain Co. v. The FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)).

Contrary to Avalon's claims, *Ferens* militates not for transfer, but for maintaining the present forum for this action. Presently, there are two courts hearing cases concerning the same facts: this Court and the California state court. This Court cannot transfer the present federal interpleader action to California state court where the Avalon Action is pending—indeed, Avalon is not requesting this. Rather, Avalon requests transfer to the Central District of California. If this request were granted, cases concerning this locus of facts would be pending in three, not two, separate courts: (1) the California state court (which is adjudicating the Avalon Action), (2) this Court (which in any event will continue to adjudicate the Cleanway action), and (3) the Central District of California (which would adjudicate the present action if it were transferred). To transfer the present action to the Central District of California would separate rather than consolidate related cases, serving to frustrate, not promote, the judicial economy required by the Supreme Court in *Ferens*.

Avalon's argument that many of the relevant witnesses are present in California is more compelling, but not convincing. The Court considers the location of witnesses as a central factor in deciding a motion to transfer venue. *See Neil Bros. Ltd.*, 425 F.Supp.2d at 329. Avalon has identified several Avalon and NSO employees as witnesses located in California, and has detailed the testimony these witnesses would give. Specifically, Avalon has identified as witnesses located in California (1) its own President and CEO, (2) NSO's President, (3) certain other NSO employees, and (4) employees of South Coast Finance Service, a company Avalon or NSO retained to contact the subcontractors. According to Avalon, its President and CEO would testify to the transactions between NSO and Avalon, as would NSO's President. NSO's President would also testify regarding the work orders from Payless processed by NSO. Avalon further states that additional NSO employees would testify to the accuracy of NSO's billing. Finally, South Coast Finance Service would testify to the amounts allegedly owed by Payless to Avalon.

The testimony of these witnesses appears relevant, and their presence in California therefore weighs in favor of transfer. However, these persons are all employees or agents of the parties in this case, so their inconvenience does not weigh as heavily as inconvenience to non-party witnesses. *See Herbert Ltd. Partnership v. Electronic Arts Inc.*, 325 F.Supp.2d 282, 286 (S.D.N.Y.2004).

Avalon also identifies as California parties several subcontractors named in this case, but because Avalon provides virtually no details as to these persons' identities or likely testimony, the Court does not heavily consider the inconvenience to these persons. *See Herbert Ltd. Partnership*, 325 F.Supp.2d at 286 ("When assessing the convenience of witnesses, a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed

transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide.") Interestingly, these subcontractors are parties to this action and have had the opportunity to file papers in support of Avalon's motion to transfer or to move for transfer themselves. They have not done so.

While the present forum will undeniably inconvenience certain witnesses, this is not determinative. There are dozens of parties named in this suit—including Payless itself and Cleanway—that are not located in California, and whose testimony is likely to be relevant. Taken with the other factors the Court must consider in determining a motion to transfer, including the deference to the Plaintiff's choice of forum and the requirements of judicial economy, the Court finds that Avalon has not met its burden of showing by clear and convincing evidence that transfer is proper. Avalon's motion to transfer is therefore denied.

### E. As to the Remaining Motions by Payless

The pending motions by Payless are for (1) a stay of any current or future actions against Payless that would interfere with the present action, (2) a discharge from the present action, and (3) attorneys' fees and costs. In addition, the Court must determine on the merits whether Payless's interpleader action is proper before proceeding to the disbursement of the escrowed funds. The Court finds that the record before it is insufficient to rule on these issues, and therefore refers this case to United States Magistrate Judge Arlene R. Lindsay to conduct a hearing and file a report and recommendation with the Court regarding the following questions:

1. Is Payless's interpleader action proper under Section 1335? This question includes, but is not limited to:

   a. Has Payless deposited with the Court the full sum in dispute between the parties?

2. Is Payless entitled to a stay of any current or future actions against Payless that would interfere with the present action?

3. Is Payless entitled at this time to a discharge from this matter?

4. Is Payless entitled to attorneys' fees and costs related to the present action?

   a. If so, in what amount?

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Avalon's motion to dismiss is DENIED;

**ORDERED** that Avalon's motion to stay is DENIED;

**ORDERED** that Avalon's motion to transfer venue is DENIED; and

**ORDERED** that this case is referred to United States Magistrate Judge Arlene R. Lindsay for a hearing and a report and recommendation on the issues as described in this decision.

**SO ORDERED.**