NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  JUNIPER NETWORKS, INC.,**
*Petitioner*

---

2021-156

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00670-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before DYK, PROST, and HUGHES, *Circuit Judges.*

PER CURIAM.

## O R D E R

Juniper Networks, Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer its case to the United States District Court for the Northern District of California. We recently granted a similar petition in a case involving Juniper because the district court's refusal to transfer amounted to a clear abuse of discretion. *In re Juniper Networks, Inc.*, No. 2021-160, 2021 WL 4343309 (Fed. Cir. Sept. 24, 2021). This case involves remarkably similar facts and many of the same erroneous conclusions.  We once

again grant the mandamus petition and direct the district court to transfer.

## I.

In July 2020, Correct Transmission, LLC filed suit in the federal district court in Waco, Texas, accusing Juniper's networking products of infringing five of its patents.

Juniper moved to transfer the case to the Northern District of California under 28 U.S.C. § 1404(a), arguing that the Northern District of California was a more convenient forum. Juniper emphasized that 10 of its 12 knowledgeable employees work at Juniper's Northern California headquarters and none work in Texas. And of the eight named inventors of Correct Transmission's asserted patents, two work within 20 miles of that same headquarters, while the remaining inventors reside in Israel. At that time, Juniper had an office in Austin, Texas,[1] but Juniper alleged that its Austin employees had largely worked on unrelated products or have no unique knowledge about the accused products. Juniper also argued that Correct Transmission is a non-practicing entity headquartered in Delaware and appears to have no offices in Texas. In light of this information, Juniper asked the district court to transfer its case to the Northern District of California.

After analyzing the four public and four private interest factors that traditionally govern transfer determinations,[2] the district court denied Juniper's motion, finding

---

[1] Juniper's Austin, Texas office closed in March 2021.

[2] The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary

that these factors did not favor transfer to the Northern District of California. In particular, the district court agreed that the Northern District of California could more easily access sources of proof. But it found that the Western District of Texas could better compel unwilling witnesses and could likely adjudicate the case faster. The court determined that the remaining five factors were neutral. On balance, the court concluded that Juniper did not show that the transferee venue was clearly more convenient.

Juniper then filed this petition. We have jurisdiction under 28 U.S.C. §§ 1651 and 1295.

## II.

We review transfer determinations in cases arising on mandamus from district courts in the Fifth Circuit for a clear abuse of discretion. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). As discussed above, decisions on motions to transfer weigh four private interest factors and four public interest factors to compare the relative convenience between the venues. *See In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *2 (Fed. Cir. Aug. 2, 2021).

First, although no single factor is dispositive, "[t]he convenience of the witnesses is probably the single most important factor in transfer analysis." *In re Genentech,*

---

problems of conflict of laws or in the application of foreign law." *In re Juniper Networks, Inc.*, No. 2021-160, 2021 WL 4343309, at *2 (Fed. Cir. Sept. 24, 2021).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order; (3) the relative convenience of the two forums for potential witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive." *Id.*

*Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)). Here, the district court clearly erred when it found this factor neutral.

Juniper identified 10 out of 12 potential employee witnesses and two inventors living or working in the Northern District of California. Correct Transmission, on the other hand, identified no willing witnesses in the Western District of Texas. Citing one of its prior decisions, the district court concluded that this factor was neutral by discounting Juniper's witnesses in Northern California because "interested parties in the litigation . . . are much more likely to accept having to travel to see litigation through to their desired result" and by presuming that "no more than a few party witnesses . . . will testify live at trial." Appx17–18 (citing *Fintiv, Inc. v. Apple Inc.*, No. 6:18-cv-00372-ADA, 2019 WL 4743678, at \*5 (W.D. Tex. Sept. 13, 2019)).

We recently rejected the same reasoning in *In re Juniper Networks, Inc.*, No. 2021-160, 2021 WL 4343309 (Fed. Cir. Sept. 24, 2021). The factor that weighs the relative convenience of the forums for potential witnesses is not attenuated "when the witnesses are employees of the party calling them." *Juniper*, 2021 WL 4343309, at \*4 (citing *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at \*5 (Fed. Cir. Aug. 2, 2021)). Further, "[t]he court's assumption that Juniper would not call many party witnesses was not based on any evidence specific to this case," which we have repeatedly explained is insufficient. *Juniper*, 2021 WL 4343309, at \*4 (listing cases). The district court erred when it did not find that this factor weighs strongly in favor of transfer.

Second, the district court erred in its analysis of the local interest factor. It is undisputed that the events underlying these infringement claims occurred mainly in the Northern District of California and not at all in the Western District of Texas. "That is sufficient to give the

transferee venue a greater localized interest in the dispute, which favors transfer." *Juniper*, 2021 WL 4343309, at \*4 (citing *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021) and *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)).

In finding that the local interest factor was neutral, the district court relied on the fact that Juniper had "availed itself of the state of Texas to do business," pointing out that Juniper maintained an office in Austin and holds a vendor contract with the state to provide data storage, data communications, and networking equipment products. Appx20. But Juniper's offices in Austin have no relation to this case. And its general contacts and business in Texas are not enough to establish a local interest in the Western District of Texas comparable to that of the Northern District of California. As we recently explained, the local-interest factor does not consider "the parties' significant connections to each forum writ large, but rather the significant connections between a particular venue and *the events that gave rise to a suit*." *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (internal quotation marks and citation omitted). In *Apple*, as here, the court "misapplied the law to the facts" when it "heavily weigh[ed]" the defendant's "general contacts with the forum that are untethered to the lawsuit." *Id.*; *see also Juniper*, 2021 WL 4343309, at \*5.

And unlike the non-practicing entity in *Juniper*, which was incorporated in Texas and maintained its principal office in Waco, Correct Transmission has not alleged *any* ties to Texas. *Juniper*, 2021 WL 4343309, at \*5; *see* Appellee's Br. 27. Correct Transmission's ties with Texas are not even "recent and ephemeral"; they are nonexistent. *See Juniper*, 2021 WL 4343309, at \*5. This information supports the local-interest factor. *See* Appx20. In sum, the district court erred in finding this factor neutral.

Third, the district court correctly found that the Northern District of California has better access to sources of proof because Juniper's source code and other relevant files are located primarily at its headquarters in California. Appx16. While electronic storage makes documents more widely accessible, this factor remains relevant. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (en banc); *see In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) ("[T]he question is *relative* ease of access, not *absolute* ease of access.").

Fourth, the compulsory-process factor does slightly favor the Western District of Texas, but not to the extent that the district court alleges. Correct Transmission identified two former Juniper employees, one located in Austin, who are unwilling to testify without a subpoena and allegedly have relevant information. But district courts "should assess the relevance and materiality of the information the witness[es] may provide." *Genentech*, 566 F.3d at 1343. Here, the district court described these two witnesses as "key" witnesses without considering the relevance and materiality of their knowledge. Appx17. Juniper asserts that the former employees' information is not material because it is duplicative—current Juniper employees can provide the same information without the need for a subpoena. Correct Transmission disagrees, arguing that one of the witnesses has authored several publications on the accused products and that the other witness led the development teams for hardware platforms used in the accused products. But publications and titles alone do not show that these witnesses have information that Juniper's current employees cannot provide. The availability of current employees who can provide the same information makes this factor weigh only slightly against transfer.

Finally, the district court erred when it concluded that the court congestion factor weighs in favor of the Western District of Texas. We have repeatedly noted that, under a proper analysis that looks to the number of cases per

judgeship and the actual average time to trial rather than aggressively scheduled trial dates, "the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics." *Juniper*, 2021 WL 4343309, at \*6. Further, this is the "most speculative" of the factors. *Id.* at \*7. "And when other relevant factors weigh in favor of transfer or are neutral, 'then the speed of the transferee district court should not alone outweigh those other factors.'" *Id.* (citing *Genentech*, 566 F.3d at 1347).

In sum, as in recent cases in which this court has granted mandamus, the center of gravity of this action is clearly in the Northern District of California. The district court clearly abused its discretion in denying the motion to transfer. We therefore grant Juniper's petition directing transfer of the case.

Accordingly,

IT IS ORDERED THAT:

The petition is granted. The district court's May 26, 2021 order is vacated, and the district court is directed to transfer this matter to the United States District Court for the Northern District of California.

FOR THE COURT

October 04, 2021          /s/ Peter R. Marksteiner
    Date                  Peter R. Marksteiner
                          Clerk of Court